IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAQUIN CIRIA,

    Plaintiff,                      No. CIV S-10-1351 DAD P

    vs.

BLACKWELL, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $25.35 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff alleges the following. On August 7, 2008, a prison official wrote a rules violation report charging plaintiff with the possession of contraband glasses. Plaintiff's disciplinary hearing regarding the rules violation was subsequently held on September 12, 2008 before defendant Blackwell. During the disciplinary hearing, plaintiff and defendant Blackwell exchanged heated words. Plaintiff was upset that defendant Blackwell had not allowed him to call witnesses or examine the contraband glasses at the disciplinary hearing. At the conclusion of the hearing, defendant Blackwell found plaintiff guilty of the rules violation. (Compl. at 3-5.)

Thereafter, defendant Blackwell ordered plaintiff to sign a inmate trust account form in the amount of $52.00 to cover the cost of the contraband prescription glasses. Plaintiff, however, refused to sign the form. According to plaintiff, this greatly agitated defendant Blackwell. (Compl. at 5-6.)

On November 3, 2008, defendants Payne, Fonte, and Peel conducted a search of plaintiff's cell and found a brown tar-like substance under the mattress of the upper bunk. Both plaintiff and his cellmate were taken to the program office and questioned about the substance. There, plaintiff's cellmate admitted that he was the one assigned to the upper bunk and that the tar-like substance belonged to him. Despite his cellmate's confession, plaintiff was placed in administrative segregation and was required to remain there until tests regarding the substance had been completed. (Compl. at 7-9.)

/////

1   On January 20, 2009, plaintiff's disciplinary hearing was held with respect to the
2   events of November 3, 2008.  At that hearing, plaintiff was found not to be guilty of any rules
3   violation.  On January 30, 2009, plaintiff was released from administrative segregation.
4   Thereafter, plaintiff filed several appeals regarding his placement and retention in administrative
5   segregation.  (See Compl. at 10-19.)
6   Based on these allegations, plaintiff appears to claim that defendants Blackwell,
7   Payne, Fonte, Peel, Clay, Haviland, and Singh conspired to retaliate against him in violation of
8   his First Amendment rights.  In terms of relief, plaintiff seeks injunctive relief, declaratory relief,
9   and monetary damages.  (See Compl. at 18-20.)

**DISCUSSION**

11   The allegations of plaintiff's complaint are so vague and conclusory that the court
12   is unable to determine whether the current action is frivolous or fails to state a claim for relief.
13   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
14   the defendants and must allege facts that support the elements of the claim plainly and succinctly.
15   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In this regard, plaintiff
16   must allege, with at least some degree of particularity, overt acts which each defendant engaged
17   in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of
18   Fed. R. Civ. P. 8(a), the complaint must be dismissed.  The court will, however, grant plaintiff
19   leave to file an amended complaint.
20   If plaintiff elects to file an amended complaint in this action, he is advised of the
21   following legal standards that govern the claims he is apparently attempting to present.  Under
22   the First Amendment, prison officials may not retaliate against prisoners for initiating litigation
23   or filing administrative grievances.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
24   A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a
25   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
26   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and

1   (5) did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d
2   813, 816 (9th Cir. 1994). Accordingly, for plaintiff to plead a cognizable First Amendment
3   retaliation claim against defendants, he should allege facts satisfying each of the five elements of
4   such a claim listed above.
5           Moreover, to the extent that plaintiff is attempting to allege that defendant
6   Blackwell conspired with other prison officials, including defendants Payne, Fonte, and Peel, to
7   have him placed and retained in administrative segregation, he is advised that he must allege
8   facts demonstrating an agreement between defendants to violate his constitutional rights. See
9   Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). In pleading a conspiracy claim, plaintiff
10  cannot simply conclude, as he does in his complaint, that all defendants acted in concert for the
11  sole purpose of violating his constitutional rights. See id.
12          To the extent that plaintiff contests the procedural adequacy of his September 12,
13  2008 disciplinary hearing or the decision by defendants to place and retain him in administrative
14  segregation from November 3, 2008 to January 30, 2009, plaintiff is advised that the Due Process
15  Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty,
16  or property without due process of law. To plead a cognizable due process claim, one must
17  allege facts demonstrate that (1) he was deprived of a liberty or property interest protected by the
18  Due Process Clause; and (2) the procedures attendant upon the deprivation were constitutionally
19  deficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan,
20  306 F.3d 895, 900 (9th Cir. 2002). In the context of a prison disciplinary action, a prisoner is
21  deprived of a protected liberty interest if the action in dispute resulted in conditions of
22  confinement that imposed an "atypical and significant hardship in relation to the ordinary
23  incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).
24          Finally, plaintiff is advised that once he files an amended complaint, the court
25  cannot refer to his prior pleadings to make his amended complaint complete. See Local Rule
26  220. This is because, as a general rule, an amended complaint supercedes the original complaint.

5

See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in his amended complaint, as in his original complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 8, 2010 application to proceed in forma pauperis (Doc. No. 9) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $25.35. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: September 22, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
ciri1351.14