UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN CIRIA, | No. 2:10-cv-1351 TLN DAD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BLACKWELL, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the court will recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On June 13, 2013, counsel on behalf of defendant Blackwell filed a motion for summary judgment, arguing that defendant Blackwell is entitled to judgment as a matter of law with respect to plaintiff's retaliation claim. On July 16, 2013, plaintiff filed a motion seeking a forty-five (45) day extension of time to file an opposition to defendant's motion for summary judgment, which the court granted. (Doc. Nos. 37 & 38.) On August 30, 2013, plaintiff filed a second motion seeking an additional forty-five (45) day extension of time to file an opposition to defendant's motion for summary judgment which, once again, the court granted. (Doc. Nos. 41 & 42.) Finally, on November 6, 2013, plaintiff filed yet a third motion for an extension, this time seeking

an additional twelve (12) days to file his opposition to defendant's motion. (Doc. No. 43.) The court granted this third request for an extension of time, while warning plaintiff that no further extensions of time would be granted for this purpose. (Doc. No 44.) Nonetheless, the additional twelve days plaintiff was granted pursuant to this third request for an extension of time passed, and plaintiff had not filed his opposition to defendant's motion for summary judgment nor communicated with the court in any way. Accordingly, on January 13, 2014, the court issued an order to show cause ordering plaintiff to file his opposition to the pending motion for summary judgment within fourteen days. The court once again warned plaintiff that failure to file an opposition would be deemed a statement of non-opposition to the pending motion for summary judgment and would result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 45.) Nonetheless, in response to the court's order to show cause, plaintiff has filed yet another motion seeking a further extension of time in which to file his opposition to the long-pending motion for summary judgment. (Doc. No. 46.)

**DISCUSSION**

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint. The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action. This case has been pending since June 2, 2010, and has some time ago reached the summary judgment stage. Plaintiff's repeated failure to comply with

court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no further intention to diligently pursue.  The court specifically warned plaintiff in its November 13, 2013 order granting his third motion for an extension of time that it would be the last extension of time granted by the court for the purpose of allowing plaintiff to oppose defendant's motion for summary judgment.  Inexplicably, plaintiff not only failed to file his opposition to defendant's motion for summary judgment as required by the November 13, 2013 order but instead ignored the deadline set therein and did not even request another extension of time.  When the court on January 13, 2014 issued an order to show cause warning plaintiff that his failure to file an opposition to the pending summary judgment motion would result in a recommendation that this action be dismissed, plaintiff filed yet another motion for an extension of time.  Under these circumstances, there is no suitable less drastic alternative to dismissal of this action.

The third factor, the risk of prejudice to the defendant, also weighs in favor of dismissal. Plaintiff's failure to oppose defendant's motion for summary judgment prevents them from addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action thereby forcing the defendant to incur additional time and expense.

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action.  However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within seven days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 5, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ciri1351.57